

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-2562
Re: The Commissioners Court of
Hardin County has no author-
ity to purchase and pay for
tires and tubes for an auto-
mobile owned by a County Com-
missioner which he uses in
the conduct of county busi-
ness. And related matters.

Your recent request for an opinion of this Department on the questions as are herein stated has been received.

We quote from your letter as follows:

"You will render this office your opinion to this office on the following question of expenditure of County Funds.

"(A) In the case of County Commissioner privately owns automobile in which he conducts county business, is the Commissioners' Court permitted to purchase tires, and tubes for his car charged to county funds, if so out of what fund?

Honorable E. P. Jennings, Page 2

"(B)  Under what authority or Article is
Liberty County, Texas permitted to purchase au-
tomobiles for the County Commissioners, and out
of what fund?

"Would appreciate your giving this office
your opinion on the above questions immediately
as we have a claim to act on."

Many counties of this State operate under spe-
cial road laws, which laws provide generally for a more
detailed road system in such counties, and also provide
for the payment of accounts incurred by the county com-
missioner in the operation of their own private automo-
biles while supervising the maintenance of roads in such
counties.  In some instances these special road laws pro-
vide for the purchase and payment of various kinds of
equipment, including pick-ups, etc.

In an opinion of this Department dated August 5,
1920, and published at page 114 of the Biennial Report for
the years 1918-20, it was held by this Department that
county commissioners are not authorized to purchase and
pay for gasoline or other automobile supplies and submit
their claims therefor to the Commissioners' Court for au-
dit and allowance, and claims for such supplies furnished
for such purposes are not legitimate charges against the
county, whether so purchased and paid for by the Commis-
sioners or sold direct to the county by the dealer.  This
opinion cites the cases of Knippa vs. Stewart Iron Works,
66 S. W. 332; Rigby vs. State, 10 S. W. 760; and Harris
County vs. Hammond, 203 S. W. 445.  We quote from the above
mentioned opinion as follows:

"It is axiomatic that public funds can
be lawfully expended only for the purposes, to
the extent and in the manner prescribed by law,
and in the absence of a statute authorizing a
particular expenditure of public funds, such
expenditure should be studiously avoided; and
that every officer should faithfully eschew
every transaction respecting public finance
that bears even the semblance of doubtful author-
ity ought to go without saying.

"We are of the opinion, therefore, and
you are so advised, that it is not proper for
a county commissioner to purchase and pay for
gasoline or other automobile supplies used by
him in the discharge of his official duties
and present his account for same to the com-
missioners' court for audit and payment; also,
that such an account is not a legitimate charge
against the county whether such supplies be
purchased and paid for by the commissioner in
the manner stated, or be furnished and charged
to the county for that purpose by the dealer
direct."

We believe the doctrine laid down in the above
mentioned opinion to be sound, and we approve the same as
applicable to your request.

Hardin County has a population of 14,760 inhab-
itants according to the last preceding Federal Census, and
Section 1a of Article 2350m, Vernon's Annotated Civil Stat-
utes deals with the amount of salary a commissioner is en-
titled to receive in counties containing a population of
not less than 14,588 and not more than 14,800 inhabitants
according to the last available Federal Census, and each
available Federal Census thereafter.

The general law or the above mentioned Section
of Article 2350m, supra, makes no provisions for the pay-
ment of accounts or expenses incurred by commissioners
while using their own private automobiles in connection
with their business as county commissioners. Therefore,
your first question is respectfully answered in the nega-
tive.

We now consider your second question, and your
attention is directed to Section 1, Acts 1935, 44th Legis-
lature, Second Called Session, page 1711, Chapter 443, re-
lating to salaries of county commissioners in certain
counties. Liberty County has a population of 24,500 in-
habitants according to the last preceding Federal Census,
and the above mentioned Act provides that in counties hav-
ing a population of not less than 24,200 and not more than
24,500 inhabitants according to the last preceding Federal
Census, the commissioners' court is authorized to allow
each commissioner the sum of twenty-five dollars per month

for traveling expenses within the county while on official business, which sum shall be paid out of the road and bridge fund of the respective commissioner's precinct, and/ or the general fund of the county not to exceed fifty per cent of said expenses, and each commissioner shall make under oath an itemized account of his expenses for each month. There is nothing in this Act which authorizes Liberty County to purchase automobiles for the county commissioners. After a careful search of the statutes, we are unable to find any special statute, or road law which authorizes Liberty County to purchase automobiles for the county commissioners of said county, to be used by the county commissioners in the conduct of their office.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED AUG 2, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:ow

